TRACY L. WILKISON
Acting United States Attorney
BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office
JENNIFER L. WAIER
Assistant United States Attorney
California Bar Number: 209813
411 West Fourth Street, Suite 8000
Santa Ana, California 92701
Telephone: (714) 338-3550
Facsimile: (714) 338-3708
E-mail: Jennifer.Waier@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PATRICK WONG,<br><br>Defendant. | Case No. SA CR 20-68-JVS<br><br><u>GOVERNMENT'S RESPONSE TO PRESENTENCE REPORT</u> |

Plaintiff United States of America, by and through its counsel of record, Jennifer L. Waier, having received and reviewed the

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Presentence Report for defendant Patrick Wong, submits the government's response to the Presentence Report.

Dated: June 7, 2021

Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office

*Jennifer L. Waier*
JENNIFER L. WAIER
Assistant United States Attorney
Attorneys for Plaintiff
United States of America

Defendant Patrick Wong pleaded guilty to a one-count Information charging wire fraud in violation of 18 U.S.C. § 1343.

The Probation Office has determined that defendant's Total Offense Level with acceptance of responsibility is 22 and Criminal History Category is I. Thus, the advisory guideline sentencing range is 41 to 51 months' imprisonment. Pursuant to the Plea Agreement and relevant case law, the government objects to the Total Offense Level calculated in the PSR.

The PSR applied a two-level enhancement under §2B1.1(b)(2)(A)(iii) because the Probation Office alleged that Victim A.N. suffered a "substantial financial hardship." (PSR ¶ 55.) The PSR bases this finding only on a single statement in a 302 where Victim A.N. told the agent that her investment represented a large portion of her retirement savings, which she was depending on to pay for an assisted living facility when the need arises. (Id.) This single statement cannot support the enhancement. In United States v. George, 949 F.3d 1181, 1184 (9th Cir. 2020), the Ninth Circuit was clear that "Section 2B1.1(b)(2) requires the sentencing court to determine whether the victims suffered a loss that was significant in light of their individual financial circumstances." Here, the Court does not have Victim A.N.'s complete financial circumstances. Because this limited record cannot support the application of the enhancement, defendant should be placed at a Total Offense Level of 20 with a Criminal History Category of I, resulting in an advisory guideline sentencing range of 33-41 months' imprisonment.

Based on the Amendment to the Plea Agreement [Dkt. 20], the government requests a two-level downward Booker variance, resulting

in a Total Offense Level of 18 and an advisory guideline sentencing range of 27 to 33 months' imprisonment.

In accordance with the Plea Agreement, the government requests that defendant receive the following low-end sentence: 27 months of imprisonment followed by a three-year term of supervised release. In addition, defendant should be ordered to pay restitution in the amount of $1,488,056.51 and a $100 special assessment.